04-40154

IN THE UNITED STATES DISTRICT COURT
FOR THE BOSTON DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| David L. GUIDRY<br>    Plaintiff<br>    Pro-Se<br><br>vs<br><br>United States of America | )<br>)<br>)<br>)<br>)<br>)  Case No. _____<br>) |

### MOTION FOR COMPENSATION IN THE
### CASE OF FINAL SENTENCING THROUGH A
### MISCARRIAGE OF JUSTICE AND LAWFUL COURT RELEASE

To the Honorable United States Federal District Court Judge, for the United States District Court for the Boston District of Massachusetts, Boston Division.

ATTN: United States Attorney General

ATTN: United States Attorney of Trial Court Records

ATTN: Defense Attorney of Trial Court Record

    **COMES NOW David L. GUIDRY**, Prison Number 85957-001, Plaintiff in the above entitled cause, movant herein, who, himself pro-se, respectfully moves the Court for maximum amount of compensation in the case of final sentencing through a miscarriage of justice and states, etc., as related herein, and for lawful Court release.

1.    The Court was without legal jurisdiction or authority to impose the sentence imposed in the above entitled cause because the conviction was not based on a legal and valid warrant for arrest, information or indictment, in that:

    A. Movant was not allowed to testify in his own behalf before the Grand Jury, nor the Magistrate, prior to the Arrest Warrant and Indictment was written and served. Therefore, movant

was not afforded said right, nor the right to reply to and/or make corrections in or to the inaccurate and/or offensive statements, testimony, etc., of the alleged victim and witnesses, and of the Grand Jury and Magistrate, and the Court as to it's findings of probable cause and reasons for same. Nor as to any statement, confession, testimony related by movant herein, relating to the above entitled cause, nor as to the Trial Judge's reasons for allowing movant to plead "not guilty". Nor for the Trial Court, excepting the "guilty" plea for the reasons aforesiad. Plea was entered as known by the Court.

    B. The trial Court allowed the "not guilty" plea, and excepted the "not guilty" plea, without requiring movant and his defense attorney to explain to the Court how movant was in fact "not guilty" of the offense charged. The Court merely asked movant if he was "not guilty", etc. Movant, being a layman at law, did not know if he was legally guilty or not, according to the laws, etc., which legally applied as to each element of the offense charged, and the burden of proof as to each aforesaid elements, based on legal proof of same, based on legal, evidence, statements, testimony, confession, etc. None of this was ever explained to movant prior to his plea and answers to the Court's questions to him, nor as to the law which required the Prosecutor to prove that movant did willfully, deliberately and knowingly violate the law, allegedly, and the way alleged and stated in the statement of the offense, of answer in the warrant for arrest and indictment.

    C. The Court did not make sufficient, if any, legal findings as to the aforesaid herein, prior to imposing the sentence. Nor did the Court require the aforesaid to be legally proven before

allowing and accepting the plea of "not guilty", nor prior to imposing the sentence, nor did the Court adjudge the statement of the offense on the warrant for arrest and bill of indictment, to be true and correct and not violative of any law nor rights or privileges of movant, nor any other person, place or thing.

   D.  The Court did not require movant and his defense attorney to sign any records, waiving rights to appeal, with reasons therefore stated by each of same, for the Court to consider and adjudge whether or not same was legal and valid reasons, and that movants right to appeal had been offered to him and he had legally waived same in accordance with laws and his rights, and with the advice of his defense counsel.  The Court required said advice and reasons of the defense counsel to be related in the Court records, legally and officially, to protect, etc., all parties involved and to afford each their rights and privileges. Further, a judgement and finding by the Court and Prosecutor relating to the aforesaid and all other matters and things relating to the case.  The Prosecutor had a duty to seek justice, not merely to convict.

   E.  The Court did not require any prior charge or prior conviction of movant, to be proven, legal, valid, and final, prior to imposing the sentence in the instant case, nor prior to entering the judgement and commitment orders of this instant case/

   F.  The Court did not require the warrant for arrest, indictment, probable cause, to have been legal and legally obtained, prior to imposing the sentence in the instant case.  The alleged

victim and witnesses were not advised of their rights and privileges, nor of movants, prior to each of same having been allowed to make statements, testify, etc., and accuse movant as did. The statement of the offense was therefore based on false or perjured statements, testimony, etc., or same not having been proven not to have been false or perjured prior to sentencing in the instant case nor prior to verdict of "guilty".

G. The Court did not have a form list of all rights, privileges, etc., which must have been afforded before a legal sentence could be imposed, with legal reasons for the sentence imposed stated. Further, as to which rights and privileges were and were not afforded to movant: how, when, where, why, by whom, or what, from prior charge aforesaid required. Procedural Due Process, Due Process, Equal Protection, and Judicial PRotections againt acts, persons, places and things, that violated, will or may violate the fundamental and/or other rights or privileges, or the human rights of movant at each stage of each process, etc., relating thereto and to preserve an accurate record of same, for legal usages, by the Prosecution, Defense, Courts, Grand Juries, etc., and the Federal Bureau of Prisons., etc. persons, places, things, legally.

WHEREFORE, movant respectfully moves the Court to:
1. Appoint counsel to represent this motion and all matters etc, relating thereto;
2. Grant this motion and the relief and further order habeas corpus relief and release of movant without

delay.

Respectfully presented on this, the __7__ day of __8__ , 2004.

                                          *[signature]*
David L. GUILDRY 011
Reg. No. 85957-~~001~~
FMC Devens
P.O. Box 879
Ayers, MA  01432

-5-