## IN THE UNITED STATES DISTRICT COURT
## FOR THE BOSTON DISTRICT OF MASSACHUSETTS

David L. GUIDRY )
    Plaintiff )
    Pro-Se )
)
vs )  Case No. **04-40154**
)
United States of America )

## MOTION FOR COMPENSATION
## IN THE CASE OF FINAL SENTENCING
## THROUGH A MISCARRIAGE OF JUSTICE
## AND FOR ALL TIME SPENT IN CUSTODY
## AND INCARCERAED AND FOR LAWFUL RELEASE

COMES NOW <u>David L. GUIDRY</u>, Plaintiff in the above entitled cause, movant herein, who, himself pro-se, respectfully moves the Court for maximum compensation in the case of final sentencing through a miscarriage of justice, and for all time spent in custody and incarcerated relating to movant's federal cases.

The warrant for arrest, information and bill of indictment, by law or rights of movant, had to be legally proven to be legal and valid, and not violative of any law nor rights or privileges of movant in order to vest the Court with legal jurisdiction of the case and of the person of movant. In movant's cases, this was not done timely nor otherwise, as is and was evident and proof of same, within the Court records and records relating thereto.

<u>Convictions</u> in criminal cases must be based on legal warrants for arrest, or informations, or indictment, in order for the con-viction to be legal and valid, and not violative of any law nor the rights and privileges of the Plaintiff.

<u>Sentences</u> in criminal cases must be based on valid convictions,

in order for the sentences to be legal and valid, and not violative of any law, nor the rights and privileges of the Plaintiff.

For the Court to know the warrant and/or information, and/or indictment is or was legal and valid, and not violative, of any law, nor any rights or privileges. The Court, itself, prior to trial, had to review and inspect all records, evidence, testimony, etc., relating to the warrant for arrest, information, indictment and adjudge all of same legal and valid and not violative of any law nor of any right or privileges of the Plaintiff. Further, for the purposes of affording to the Plaintiff the judicial protections, authorized, requred, entitled and demanded by laws and Constitution and the Plaintif's rights and privileges thereof and thereby. In the instant cases of movant, the Court did not do the aforesaid. Why?  What laws and rights, etc., were violated thereby?  When? How? Where? By Who? or What?  What relief must be legally ordered? Why?  When?  Where? How?  By Who, or What?

Movant, himself pro-se, nor by assistance of counsel, was allowed to reply to or make corrections in inaccurate or offensive statements, testimony, etc., prior to the arrest warrant and bill of indictment being written and returned and served.  Therefore, movants rights is and were violated and same could not legally be used to the prejudice of Movant, to state the offense on the warrant for arrest, nor the indictment.  Nor could same be used at trial sentencing, sentencing, appeal, to the prejudice of movant for any purpose or reason.

The alleged victim and witnesses were not advised of their rights and privileges, nor of movants, prior to being allowed to

make statements, testimony, etc., to the prejudice of movant and same was not proven to be not false or perjured, timely nor otherwise, prior to the verdicts of the Jury or Judge, nor prior to sentencing, nor an appeal.  Therefore, same could not legally be used to the prejudice of movant for any purpose, nor for any reason.

That, at no time, did movant waive his aforesaid rights related in Number 1 through 6, hereinabove, knowlingly or deliberately, nor willfully or responsibly, nor intelligently.

That at no time prior to trial and sentencing was movant advised of the rights, etc., in such a way that he understood same, or otherwise.

That the Magistrate had insufficient or no legal proof of the matters stated in the statement of the offense of the arrest warrant in the instant case, nor did the Grand Jury in the indictment of the instant case.  Therefore, both were illegally obtained and falsely accused and falsely charged movant thereby, as evident of Court records.

That the convictions in the instant case of movant was obtained based on false or perjured testimony, or testimony not proven not to have been false or perjured prior to the conviction and sentencing of movant, nor thereafter, timely.

That it was not proven, timely, nor otherwise, that the statements, testimony of the alleged victim and witnesses were of and by their own thoughts, etc., and not the thoughts,etc., of another person or thing, prior to the convictions and sentencing, nor thereafter, timely nor otherwise, nor prior thereto timely, nor otherwise and therefore could not be used to movants prejudice.

That the Magistrate and Grand Jury had insufficient or no

evidence, testimony, or proof that movant had prior knowledge of the laws allegedly violated, nor the way allegedly violated. Nor that movant deliberately did the alleged acts, with the intent of violating said law. Nor that movant knows said acts were or would violate said law at the time and way same was allegedly done by movant, nor that movant was sane at the time movant allegedly did the acts the way alleged, nor that movant was not on medicine, drugs, or alcohol at the time and way the acts were allegedly done the way that allegedly violated the law.

That movant was not adjudged competent for the purpose of movant making his own choice of what plea to enter and why. Nor was movants choice of plea to enter, adjudged, contrary thereby the verdict, nor as to movant choice to testify or not.

That the reasons for the guilty verdicts in movants cases were not stated nor ordered to be stated; therefore, the records are silent as to same and therefore, movant nor his counsel could not legally and timely defent, etc., relating to same and the legality and validity of same, nor herein. The Courts are and were without knowledge and proof, that the reasons for guilty verdicts were legal and valid, and not violative of any law nor rights or privileges of movant.

That the reasons of the Grand Jury and the Magistrate for stating the offense in the bill of indictment and warrant for arrest, the way stated, with or without legal proof of same, is and was not stated in the records. Therefore, the Court does and did not know if same was legal and valid, or not, nor did movant's defense counsel nor movant.

Movant nor his counsel could nor can effectfully defend

-4-

against violent records aforesaid herein.  It is a rule of law that, where the records are silent, judgement must be in favor of the criminal defendant.

Movants prior charges were not adjudged to be legal, valid, final, prior to his sentencing in the instant case nor thereafter. Therefore, movant not not legally be used to the prejudice of movant.

Movant was not given nor provided a copy of all records, etc., relating to the instant case, nor his prior cases.  Therefore, can not pro-se effectively without same, as the Court knows and knew. Therefore, the Courts and the Prosecutor must review all records, etc., for anything that entitles, etc., relief and release of movant and order or cause same to be ordered to adjudge against the silent records, etc., relating herein.  Further, as to each right, priviledge, law, etc., as applies.

Respectfully presented on this, the ___7___ day of ___8___
_____, 2004.

David L. GUIDRY
Reg. No. 85957-001
FMC Devens
P.O. Box 879
Ayer, MA  01432

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
The Court must make and serve all required copies of this motion.
Movant is unable to do so.

David L. GUIDRY