```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

DAVID L. GUIDRY,                  )
          Plaintiff,              )
                                  )
     v.                           )  C.A. No. 04-40154-DPW
                                  )
UNITED STATES,                    )
          Defendant.              )
```

MEMORANDUM AND ORDER

For the reasons stated below, this action is dismissed.

FACTS

David Guidry, an inmate at FMC Devens, commenced this action on August 10, 2004, by submitting an application to proceed without prepayment of fees, and three "motions" seeking immediate release as well as compensation for the time he has been incarcerated.[1] In each of his motions, Guidry challenges his unnamed conviction(s) based on numerous alleged defects such as lack of jurisdiction, the alleged denial of the privilege of testifying before the grand jury and magistrate judge issuing his arrest warrant and indictment, and alleged deficiencies at his plea hearing. See Docket No. 2 (p. 1-4); No. 3 (p. 1-4); No. 4 (p. 1-3).

---

[1] See Docket No. 2 "Motion for Compensation in the Case of Final Sentencing Through A Miscarriage of Justice and Lawful Court Release;" Docket No. 3 "Motion for Compensation in the Case of Final Sentencing Through A Miscarriage of Justice And For All Time Spent in Custody And Incarcerated And For Lawful Release;" and Docket No. 4 "Motion to Dismiss the Warrant for Arrest and the Indictment and For Lawful Release."

A search of this Court's records as well as the federal judiciary's electronic records system indicates that Guidry was not sentenced in this Court, but has been a defendant in criminal proceedings in the District of Oregon as well as the Eastern District of California. See <u>United States v. Guidry</u>, C.R. 97-00059; <u>United States v. Guidry</u>, C.R. 00-00427; <u>United States v. Guidry</u>, C.R. 01-00027.

ANALYSIS

I.   <u>The Court May Screen This Action</u>

It is unclear whether Guidry intends to bring this action as a motion under Section 2255 seeking habeas relief or whether he brings this action as a civil complaint seeking damages. In either event, this Court has the authority to screen this action.

A district court may dismiss a complaint filed by a prisoner <u>in forma pauperis</u> "at any time" if the court determines that it lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability or fails to state a claim. 28 U.S.C. § 1915(e)(2)(b). If a prisoner complaint names a governmental entity or officer, it also must be screened on these same bases at the earliest practicable time, regardless of whether or not the prisoner litigant has paid the filing fee. 28 U.S.C. § 1915A. Motions under Section 2255 may be dismissed <u>sua sponte</u> if it "plainly appears" from

the face of the motion that the movant is not entitled to relief in the district court. Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

A. <u>Civil Complaint</u>

To the extent that Guidry is seeking damages or compensation in this action, such relief is barred by the doctrine of sovereign immunity. The United States, as sovereign, is immune from suit without its consent, <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941) and plaintiff does not allege that he bases his theory of relief on any statute waiving that immunity. Thus, plaintiff's civil, non-habeas claims against the United States must be dismissed based on sovereign immunity. <u>Lane v. Pena</u>, 518 U.S. 187, 192 (1996); <u>cf.</u> <u>FDIC v. Meyer</u>, 510 U.S. 471, 484-485 (1994) (a <u>Bivens</u> action for monetary damages may not be asserted against a federal official acting in his official capacity or a federal agency because these entities are entitled to sovereign immunity).[2]

---

[2] Even if Guidry had named an individual as a defendant rather than the United States, his claims would also be subject to dismissal because he has not alleged that his convictions have been overturned. <u>Heck v. Humphrey</u>, 512 U.S. 477, 486 (1994) (in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

    B.   <u>Motion for Habeas Relief</u>

To the extent that plaintiff's motions may be construed as seeking habeas relief, they are subject to dismissal because Guidry was not sentenced in this Court. A motion under 28 U.S.C. § 2255 provides the primary means of collateral attack on a federal sentence. <u>See</u> <u>United States v. DiRusso</u>, 535 F.2d 673, 674-676 (1st Cir. 1976) (§ 2255 grants jurisdiction over post-conviction claims attacking the "imposition or illegality of the sentence.").

A Section 2255 petition encompasses claims, such as those made by Guidry, that a sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255; <u>see</u> <u>Rogers v. United States</u>, 180 F.3d 349, 357 n. 15 (1st Cir. 1999), <u>cert. denied</u>, 528 U.S. 1126 (2000) (citations omitted) (motion under § 2255 is the "exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including

---

determination, or called into question by a federal court's issuance of a writ of habeas corpus); <u>Pandey v. Freedman</u>, 66 F.3d 306, 306 (1st Cir. 1995) (per curiam) (affirming, "favorable termination" rule of <u>Heck</u> applies to <u>Bivens</u> claims); <u>accord</u> <u>Ruff v. Runyon</u>, 258 F.3d 498, 502 (6th Cir, 2001) (same; citing cases from the 2d, 5th, 9th, 11th, and D.C. circuit courts of appeal).

construction of the sentence itself.").

Because a Section 2255 motion must be filed in the sentencing court, and Guidry was not sentenced in this Court, this Court thus lacks jurisdiction over any Section 2255 motion filed by him.  See 28 U.S.C. § 2255 (prisoner must file motion in court which imposed the sentence); Rule 4(a) of the Rules Governing Section 2255 Proceedings (original motion shall be presented promptly to the judge of the district court who presided at the movant's trial and sentenced him); Rogers, 180 F.3d at 357 n. 15 (motion under § 2255 is the "exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including construction of the sentence itself.").

## CONCLUSION

ACCORDINGLY, this action is DISMISSED for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this 23rd day of August, 2004.

                                        s/ Douglas P. Woodlock
                                        DOUGLAS P. WOODLOCK
                                        UNITED STATES DISTRICT JUDGE